### In re TEMPLE OF MUSIC, Inc.

No. 50080.

United States District Court
E. D. New York.

Sept. 24, 1953.

760

Max Schwartz, Brooklyn, N. Y., for trustee.

Louis P. Rosenberg, Brooklyn, for claimant.

GALSTON, District Judge.

This is a review of an order of the Referee in Bankruptcy denying the Trustee's motion for an order "expunging and/or reducing and/or subordinating" the claim of the Estate of Herman S. Busloff, Inc., to the extent of $40,000, to the claims of the other general creditors of the bankrupt.

Herman S. Busloff was the sole stockholder of Temple of Music Stores, Inc., at the time of his death. The stockholdings of this business constituted the corpus of a trust estate established in the decedent's will for the benefit of his three infant children. The bankrupt, Temple of Music, Inc., arranged to purchase the assets of Temple of Music Stores, Inc. The terms of the sale, as approved by the Surrogate's Court, Nassau County, provided for a purchase price of $75,000, to be paid by a down

payment of $20,000 and the balance of $55,000 in accordance with the terms of an interest bearing debenture, executed by the purchaser corporation to the trust estate.

The monthly payments required under the terms of the debenture bond were made from March 1, 1950 until December, 1951. No payments were made after that. On April 24, 1952, the trust estate sent the corporate debtor a registered letter, declaring the debenture in default, as provided for in the debenture. On the following day, April 25, 1952, Temple of Music, Inc., the debtor, filed a petition for an arrangement with its unsecured creditors. The debtor was adjudicated a bankrupt on June 6, 1952.

The trust estate filed its claim as a general creditor for $47,871. The claims of general creditors, exclusive of the trust estate, aggregate about $42,500. These claims are in respect to debts incurred by the bankrupt prior to April 1, 1952. There is no dispute as to the amount of any of the claims filed against the bankrupt.

The debenture bond provides, inter alia, as follows:

"In the event of the insolvency of the corporation, the holder thereof shall be entitled to share pro rata with general creditors of the corporation on the basis of the aggregate unpaid balance of principal plus accumulated interest thereon, except, however, that this debenture to the extent of $40,000 thereof shall until April 1, 1952, be subordinated to the claims of general creditors not exceeding in the aggregate the sum of $75,000."

The Surrogate's decree approving the terms of the sale made provision for the subordination clause as follows:

"* * * and which debenture shall further provide that the principal amount due under the debenture to the extent of $40,000 thereof, shall be subordinated until April 1st, 1952, to the claims of general creditors not exceeding $75,000 in the aggregate amount of such claims, * * *."

The issue involved on this review is the construction and interpretation of the subordination clause, as embodied in the de-

benture. It is the Trustee's contention that the clause means that $40,000 of the debenture is subordinated to the claims of general creditors, not exceeding $75,000, upon debts incurred by the bankrupt prior to April 1, 1952, and that said subordination continues in full force and effect in favor of such claims even where insolvency occurs after April 1, 1952.

The claimant under the debenture contends, on the other hand, that the agreement subordinates the stated amount of the debenture to other claims in the event of insolvency occurring on or before April 1, 1952, and that from that date, the debenture holder was entitled to share pro rata with general creditors in case of insolvency, regardless of whether the claims of these creditors were based on debts incurred prior to or after April 1, 1952.

The subordination clause modifies the general right stated earlier in the paragraph entitling the debenture holder to share equally with the general creditors. The Trustee concedes that in the absence of the subordination clause, the debenture holder would have equal status with general creditors in respect to claims in case of insolvency. In reading the paragraph in question, including the subordination clause, it would appear that it is concerned with the matter of claims to be asserted in the event of insolvency and that the limitation in respect to time referred to the time of possible insolvency and not to the time when a debt was incurred.

The Trustee contends that the failure to subordinate the debenture claim will constitute a fraud on creditors who furnished goods to the bankrupt in reliance on the clause. In making this contention it is argued that these creditors interpreted the clause as giving priority to all debts incurred prior to April 1, 1952, regardless of when the insolvency occurred. There is nothing in the record to show that the creditors either knew of the existence of the subordination clause relied on it. It may be noted in this connection that in dismissing the motion of theTrustee at the conclusion of the hearing before him, the Referee did so "without prejudice to further submission of facts or law within ten days." The Trustee did not submit any facts in respect to knowledge or reliance insofar as the record discloses.

Moreover, assuming the creditors knew of and relied on the clause, the reliance presumably was on the basis of their interpretation of the meaning thereof. The fact that the Referee has placed a different interpretation on the clause does not constitute a fraud on the creditors.

The construction placed on the subordination clause by the Referee is logical and reasonable. The Trustee has submitted nothing which would require a different interpretation to be placed thereon. The Referee's order is affirmed.